

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 12, 1962

Honorable W. C. Lindsey                Opinion No. WW-1383
Criminal District Attorney
Jefferson County                       Re:  Whether the person
Beaumont, Texas                             appointed by the 136th
                                            District Court as Act-
                                            ing Sheriff of Jefferson
                                            County should be paid a
                                            salary under the stated
Dear Mr. Lindsey:                           facts.

        You have requested an opinion from this office on the
following matter:

        Whether Richard E. Culbertson appointed by the 136th
District Court as Acting Sheriff of Jefferson County should
be paid a salary when he was appointed Acting Sheriff by the
Judge of the 136th District Court and a few hours later the
Judge of the 60th District Court enjoined him from acting as
Acting Sheriff.

        It has been held by this office in Opinion No. WW-1064
that a person who is appointed as Acting Criminal District
Attorney during the suspension of the elected Criminal Dis-
trict Attorney is entitled to compensation equivalent to that
authorized to be paid to the Criminal District Attorney, while
actually discharging the duties of his office.  It is the
opinion of this office that the Acting Sheriff of Jefferson
County is a de facto officer and is entitled to the same com-
pensation as a de jure officer acting in the same capacity.

        The Supreme Court of the State of Texas in The State of
Texas, ex rel George Dishman, et al. v. Honorable Gordon D.
Gary, District Judge, (Sup.Ct., July 2, 1962) ___ Tex.___,
held:

            "We hold that the order purporting to
        reinstate Cause No. B-77,303 on the docket
        of the 60th District Court dated June 6,
        1962 and the injunctive ancillary orders
        contained in the decree hearing on said
        date are nugatory and void for the reasons

herein set forth and should accordingly be
expunged from the records of said 60th
District Court."

The above opinion holds that the 60th District Court's
temporary restraining order enjoining and restraining Richard
E. Culbertson from acting or purporting to act as Acting Sheriff
of Jefferson County is null and void and that the order of
the 136th District Court appointing him Acting Sheriff is a
valid order.

It is therefore our opinion that the Commissioner's
Court is required to pay the compensation to the Acting Sheriff
equivalent to that authorized to be paid the elected sheriff
during the time he discharges the duties of the office.

### S U M M A R Y

Richard E. Culbertson, appointed Acting
Sheriff of Jefferson County by the 136th
District Court, is entitled to the same
compensation as the elected officer to the
position during the time he discharges
the duties of the office.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Charles R. Lind
Charles R. Lind
Assistant Attorney General

CRL:bjh

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Malcolm Quick
Morgan Nesbitt
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL
BY: HOUGHTON BROWNLEE, JR.